[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10857

Non-Argument Calendar

————————————————

HAYWOOD JACKSON MIZELL,

                                                    Plaintiff-Appellant,

*versus*

THE CITY OF OZARK,
Municipality,

                                                    Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:21-cv-00110-ECM-JTA

————————————————

2                          Opinion of the Court                          24-10857

Before JILL PRYOR, BRANCH and TJOFLAT, Circuit Judges.

PER CURIAM:

Haywood Mizell sued the City of Ozark under 42 U.S.C. § 1983 alleging that the foreclosure sale at which the City bought his property was an unconstitutional taking. The District Court dismissed his complaint because the statute of limitations had expired. Because Mizell did not address the statute of limitations in his principal brief, he has abandoned any argument to the contrary. We affirm.

## I.

Generally, we review a district court's ruling on a Rule 12(b)(6) motion *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). But "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground." *Sapuppo v. Allstate Floridians Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). An issue is abandoned when a party seeking to raise it on appeal fails to "plainly and prominently" do so. *Id.* at 681 (quotations omitted). And while we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are still considered abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We similarly do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Id.*

## II.

This case returns to us on appeal for a second time. Here is what happened:

In February 2021, Mizell sued the City of Ozark alleging that it had seized his house for public use without just compensation. Among other things, Mizell alleged that Wells Fargo fraudulently foreclosed on his house and because the City was the only purchaser at the foreclosure auction, the sale was state action.

The City moved to dismiss the complaint under Rule 12(b)(6) for failing to state a claim. The District Court dismissed the action because Mizell's equitable claim was barred by the *Rooker-Feldman* doctrine[1] and his monetary relief was barred by the statute of limitations.

Mizell then appealed. We affirmed the dismissal of Mizell's claim for monetary relief, but vacated and remanded the District Court's order to the extent that it held that *Rooker-Feldman* barred Mizell's equitable claim. *Mizell v. City of Ozark*, No. 22-10569, 2023 WL 179535 (11th Cir. Jan. 13, 2023).

On remand, the City again moved to dismiss Mizell's equitable claim for failing to state a claim. It argued that dismissal was warranted under Alabama's two-year statute of limitations because "Mizell's takings claim accrued on February 19, 2013," and the

---

[1] The *Rooker-Feldman* doctrine is named for two Supreme Court cases: *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

action was filed in February 2021. Mizell responded that there was no applicable statute of limitations for his asserted claim.

The Magistrate Judge recommended dismissing Mizell's complaint because of the statute of limitations, and the District Court did so. Mizell timely appeals.

### III.

Although Mizell raises multiple arguments on appeal, we need not reach any of them. The District Court dismissed his claim because it was barred by the statute of limitations. Mizell never even mentioned the statute of limitations in his principal brief and raises it only in his reply.

True, the Magistrate Judge discussed *Knick v. Twp. of Scott*, 588 U.S. 180 (2019), alongside the statute of limitations issue. And Mizell discusses that case in his principal brief. So, one might be able to liberally construe Mizell's statements about *Knick* as indirectly referencing the statute of limitations. But even under that extremely generous reading, such indirect references would be buried within Mizell's main arguments. *See Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.") And while Mizell briefly addresses the statute of limitations in his reply brief, we do not address arguments raised for the first time in a reply brief. *See Sampson*, 518 F.3d at 874.

In the end, Mizell has abandoned any argument that the District Court erred in dismissing his § 1983 claim on statute-of-

24-10857                Opinion of the Court                          5

limitations grounds because he failed "to plainly and prominently raise it." So we affirm the District Court's dismissal of Mizell's complaint.

**AFFIRMED**